STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

July 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NE OPERATIONS HOLDINGS, LLC,**
**Employer Below, Petitioner**

**vs.)   No. 13-0169** (BOR Appeal No. 2047638)
(Claim No. 2011031466)

**ROBERT B. SATTERFIELD,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner NE Operations Holdings, LLC, by Matthew Williams, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated January 25, 2013, in which the Board affirmed a September 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 15, 2011, decision holding the claim compensable for a right knee sprain and denying eligibility for temporary total disability benefits and medical benefits beyond July 15, 2011. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is in clear violation of a statutory provision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Satterfield injured his right knee in the course of his employment on March 15, 2011. He sought treatment at Fairmont General Hospital on March 16, 2011, and was diagnosed with a right knee and leg sprain. X-rays revealed the presence of several small calcified loose bodies in the right knee. Mr. Satterfield subsequently treated with P. Kent Thrush, M.D., who noted that Mr. Satterfield has a history of bilateral knee problems dating to 2001. He opined that x-rays of the right knee obtained on March 16, 2001, revealed degenerative changes and recommended

1

that Mr. Satterfield undergo an MRI. A right knee MRI was performed on March 24, 2011, the results of which were essentially normal.

On April 6, 2011, Dr. Thrush referred Mr. Satterfield to E. Barry McDonough, M.D., for an orthopedic consultation amid ongoing complaints of right knee pain. On April 14, 2011, Dr. McDonough evaluated Mr. Satterfield. During the evaluation, Mr. Satterfield indicated that he wanted to proceed with a right knee arthroscopy to investigate the potential presence of loose bodies in the right knee.

Jeffrey Gross, M.D., performed a records review on April 15, 2011. He diagnosed Mr. Satterfield with a right knee sprain and opined that the presence of a loose body in the right knee is unclear based on the results of the March 24, 2011, right knee MRI. Sushil Sethi, M.D., evaluated Mr. Satterfield on June 10, 2011, and opined that Mr. Satterfield did not sustain a work-related injury. He took note of Mr. Satterfield's longstanding knee problems, opined that Mr. Satterfield's current condition is the result of pre-existing degenerative changes, and determined that any potential loose bodies present in the right knee are the result of pre-existing degenerative changes.

On July 15, 2011, the claims administrator held the claim compensable for a right knee sprain. The claims administrator further held that congenital malalignment/degeneration of the right knee is not a compensable component of the instant claim. The claims administrator held that Mr. Satterfield is eligible for temporary total disability benefits from March 16, 2011, through July 15, 2011, and further held that medical benefits will not be paid after July 15, 2011.[1] Mr. Satterfield filed a protest of the claims administrator's July 15, 2011, decision with the Office of Judges by way of a letter dated August 16, 2011. On May 16, 2012, the Office of Judges entered a Show Cause Order indicating that Mr. Satterfield's timeframe to submit evidence had expired without his submission of any evidence explaining the basis for his protest of the July 15, 2011, claims administrator's decision. The Order further stated that absent a response pointing out a record identification error within fifteen days, the claims administrator's July 15, 2011, decision will be affirmed pursuant to West Virginia Code of State Rules § 93-1-10.4 (2008). On July 11, 2012, the Office of Judges entered an Order indicating that the extended timeframe for the submission of evidence pursuant to Mr. Satterfield's protest of the July 15, 2011, claims administrator's decision had expired without the submission of any additional evidence by Mr. Satterfield.

On September 6, 2012, the Office of Judges reversed the claims administrator's July 15, 2011, decision insofar as it limited compensability to a right knee sprain; terminated eligibility for temporary total disability benefits after July 15, 2011; and denied payment of medical benefits after July 15, 2011. The Board of Review affirmed the Office of Judges' Order on January 25, 2013. NE Operations Holdings, LLC, disputes these findings and asserts that the

---

[1] This Court notes that pursuant to West Virginia Code § 23-4-3(a)(1) (2005), Mr. Satterfield is entitled to continue receiving reasonable and necessary medical treatment in relation to his compensable injury.

Office of Judges erred in not affirming the claims administrator's decision pursuant to West Virginia Code of State Rules § 93-1-10.4.

West Virginia Code of State Rules § 93-1-10.4 states: "If the protesting party fails to show that evidence or argument has been timely filed, or if there is no response to the Show Cause Order, the Office of Judges shall issue a decision affirming the claims administrator's Order. Such a decision issued pursuant to this rule may be appealed to the Workers' Compensation Board of Review."

Despite referencing West Virginia Code of State Rules § 93-1-10.4 in its Show Cause Order, and indicating in a subsequent Order that Mr. Satterfield failed to submit any evidence in support of his protest in compliance with the Show Cause Order, the Office of Judges has seemingly ignored the mandate contained in the Rule in its September 6, 2012, decision. In its Order reversing the claims administrator's decision, the Office of Judges omitted any reference to the provisions of West Virginia Code of State Rules § 93-1-10.4, and instead determined that Mr. Satterfield's current condition is secondary to the March 15, 2011, injury.

The language of West Virginia Code of State Rules § 93-1-10.4 is clear; because Mr. Satterfield failed to provide evidence in support of his protest and subsequently failed to comply with the Office of Judges' Show Cause Order, the Rule mandated that the Office of Judges affirm the claims administrator's July 15, 2011, decision. We therefore find that the Office of Judges' September 6, 2012, Order and the Board of Review's January 25, 2013, decision affirming the Office of Judges' Order, are contrary to the provisions of West Virginia Code of State Rules § 93-1-10.4.

For the foregoing reasons, we find that the decision of the Board of Review is in clear violation of West Virginia Code of State Rules § 93-1-10.4. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to reinstate the July 15, 2011, claims administrator's decision pursuant to West Virginia Code of State Rules § 93-1-10.4.

Reversed and remanded.

**ISSUED:   July 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II